## Lee C. Smith *v.* John Warth, etc.

**Adverse Possession—Husband Occupying Wife's Land Cannot Claim Adversely to Her—Tenant by the Curtesy—Mortgage Passes Only Life Estate.**

Where a husband enters upon land with his wife, and in her right, under an arrangement with the executor of her father, he cannot, while thus occupying, set up an adverse claim to her. He has only a life estate by the curtesy and nothing more passes by his deed or mortgage.

**Appeals and Errors—Claim Against Decedent's Estate—Exception to Order Overruling Exception to Commission's Report—Bill of Evidence —Claim Properly Verified.**

No exceptions were taken by appellant to the opinion of the court in overruling his exceptions to the commission's report of the settlement of the estate and in the absence of a bill of evidence, showing that the claim was properly verified and proved, it will be presumed that the court adjudged correctly.

**Estoppel—Procuring Another to Advance Money on Faith of Mortgage— Title Cannot be Denied.**

Where a party is active in procuring another to advance money on the faith of a mortgage he is estopped to deny the title of the mortgagor to the property.

APPEAL FROM HARRISON CIRCUIT COURT.

December 16, 1871.

OPINION BY JUDGE PETERS:

It appears by a decided preponderance of the evidence that the land in controversy with the part adjoining it conveyed by the co-devisees of Henry Spears to him was purchased by the executors of, and paid for with the means belonging to, the estate of Christopher Spears, the father of Mrs. Henry Warth, wife of Abram Warth, deceased, and that he entered on the land with his wife, and in her right, under some arrangement with the executors, and the other devisees of her father, and having entered upon the land and resided on it—with his wife—he could not, while thus occupying, set up an adverse claim to hers successfully. But the evidence is that he claimed it as her land, he had therefore only a life estate as tenant by the curtesy, and nothing more passed by his deed of mortgage to appellant's testator.

It appears in the record that a personal judgment had been previously tendered against David Warth and James Warth, original obligators in the first note to Boulden, and Peter Smith loaned the $4,000 to Abram Warth to pay the unpaid balance of that debt, which judgment would be as available to appellants as a second one for the same demand.

No exceptions were taken by appellant to the opinion of the court below in overruling his exceptions to the commissioner's report of the settlement of Abram Warth's estate, and in the absence of any bill of evidence showing that the claim was properly verified and proved, this court must presume the court below adjudged correctly.

Henry Warth was only the surety of Peter Smith that he would raise the money and pay the residue of the debt to Boulden, he was not a principal debtor, and therefore appellants were not entitled to a personal judgment against him.

The judgment therefore on the original appeal is *affirmed*.

On the cross-appeal Henry Warth and David Warth were active in getting Peter Smith to advance his money to pay the debt on the faith of the mortgage to be executed by their father, Henry assuring him that it should be done, and undertaking to

answer for his father's compliance; David was one of the original debtors and participated in the arrangement. By the part they took in the matter they are estopped to deny that their father had title to the land, and to defeat the mortgage.

Wherefore the judgment is affirmed on the cross-appeal.

*Trimble, Huston, for appellant.*